# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Charles Griffin,
    Petitioner,

vs.                                    Case No. 1:08cv351
                                           (Dlott, C.J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss, which was filed August 22, 2008. (Doc. 7).[1]

### Procedural Background

On October 21, 2004, the Hamilton County, Ohio grand jury returned an indictment charging petitioner with two counts of murder of Jalauli Howard in violation of Ohio Rev. Code § 2903.02 and one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3); firearm specifications were attached to all counts. (Doc. 7, Ex. 1).

---

[1] Petitioner filed a "traverse brief" on September 4, 2008, raising arguments in support of his claims for relief on the merits; however, in this brief, he did not address the procedural issues raised by respondent in the motion to dismiss as bars to review of the merits of his habeas corpus claims. (*See* Doc. 8).

Following a jury trial, petitioner was found guilty as charged. On January 25, 2005, he was sentenced to terms of imprisonment totaling 28 years to life. (*See id.*, Ex. 5).[2]

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District. (*See id.,* Brief, p. 5). Petitioner asserted three assignments of error in a brief filed June 27, 2005:

> 1. The trial court erred to the prejudice of the defendant-appellant in that it convicted him based upon insufficient evidence, and in that it convicted him against the manifest weight of the evidence.
>
> 2. The trial court erred to the prejudice of defendant-appellant in that it sentenced him to a consecutive maximum aggregate sentence of 28 years to life.
>
> 3. The trial court erred to the prejudice of defendant-appellant in that over specific timely objection it allowed the count of "weapon under disability" to be tried together with the murder counts with firearm specifications.

(*Id.,* Ex. 6).

On December 14, 2005, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 8). Respondent states that petitioner did not attempt to appeal that decision to the Supreme Court of Ohio. (*Id.,* Brief, p. 6).

Instead, on March 16, 2006, petitioner filed an apparently timely *pro se* application for reopening of the appeal pursuant to Ohio R. App. P. 26(B) with the Ohio Court of Appeals, First Appellate District. (*Id.,* Ex. 9). Petitioner alleged in the application that his appellate counsel was ineffective in failing to assert

---

[2] Specifically, petitioner was sentenced to a prison term of 15 years to life on the merged murder charges, to be served consecutively to an aggregate eight year term imposed for the firearm specifications attached to those counts; he was further sentenced to an additional consecutive prison term of five years for having weapons while under disability. (*See* Doc. 7, Ex. 5).

2

assignments of error challenging both the prosecutor's and trial counsel's conduct during the trial. (*See id.*). On June 13, 2006, the Ohio Court of Appeals denied the application for reopening. (*Id.,* Ex. 11).

It appears from the record that petitioner did not pursue a timely appeal to the Supreme Court of Ohio from the appellate court's decision. The record reflects that petitioner was informed by letter dated July 31, 2006 from a deputy clerk of the state supreme court that pleadings he had submitted for filing were "being returned" because (1) they "were not filed within the 45-day time period prescribed by Rule II, Section 2(A)(1)," i.e., "no later than 5:00 p.m. on July 28, 2006;" and (2) his memorandum in support of jurisdiction exceeded "the 15-page limit set forth by Rule III, Section 1(C)." (*Id.,* Ex. 12).

It further appears from the record that petitioner next attempted to file a motion for delayed appeal to the Supreme Court of Ohio. In a letter dated October 2, 2006 from a deputy clerk, petitioner's initial pleadings were returned to him based on certain specified "areas of noncompliance" with the filing rules. (*See id.,* Ex. 13). In a final letter dated December 26, 2006, petitioner was informed by a deputy clerk that his pleadings "were not filed and are being returned to you" because the "Clerk's Office must refuse motions for delayed appeal involving postconviction relief or appeals brought pursuant to *State v. Murnahan* (1992) Ohio St. 3d 60 and App. R. 26(B), pursuant to Rule II, Section 4(b)." (*Id.,* Ex. 14).

Petitioner did not commence the instant federal habeas action until nearly one and one-half years after the December 26, 2006 letter was sent to petitioner informing him of the clerk's refusal to file petitioner's delayed appeal pleadings. The petition, which petitioner failed to date, was stamped as "filed" on May 20, 2008. (*See* Doc. 1). Petitioner alleges as grounds for relief the same three claims of error that he asserted on direct appeal to the Ohio Court of Appeals. (*See id.,* pp. 6-10). Petitioner also states in his "traverse" brief that he is raising a fourth clam of ineffectiveness by his appellate counsel based on counsel's failure to assert prosecutorial misconduct and ineffective assistance of trial counsel claims on direct appeal. (*See* Doc. 8, pp. 7-8).

In response to the petition, respondent has filed a motion to dismiss. (Doc. 7). Respondent argues in part that the petition is subject to dismissal because petitioner's claims are time-barred. (*See id.*).

3

# OPINION

## The Petition Should Be Dismissed With Prejudice Because It Is Time-Barred Under 28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner seeks habeas corpus relief based on alleged errors that occurred during the state trial and appeal proceedings. It is clear from the record that petitioner was well aware before the conclusion of the direct review proceedings of the facts underlying the four claims for relief alleged in petitioner's petition and "traverse" brief, given that the same claims were raised by him as assignments of error on direct appeal and in his timely-filed application for reopening of the appeal. Therefore, the petition is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

The undersigned will assume, without deciding, in petitioner's favor that petitioner's conviction did not become "final" within the meaning of § 2244(d)(1)(A) until July 28, 2006, when the 45 day period expired for filing a timely appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' final June 13, 2006 decision denying petitioner's application for reopening of the direct

appeal (*see* Doc. 7, Ex. 11).[3] *See* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio. Under this theory, the statute of limitations began to run on July 29, 2006, the day after the 45-day period for filing an appeal to the state supreme court ended, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on July 29, 2007, absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or other equitable tolling principles.

During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2).[4]

The tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[5] Therefore, once the

---

[3] It is noted, however, as in *Coulibaly v. Erwin,* No. 1:05cv784, 2007 WL 2852342, at *4 n.6 (S.D. Ohio Oct. 2, 2007) (unpublished) (Dlott, J; Black, M.J.), that a reopened appeal under Ohio R. App. P. 26(B) generally "is subject to consideration for the purpose of determining statutory tolling under 28 U.S.C. § 2244(d)(2)," and "may not be considered in determining when the petitioner's conviction became 'final' under 28 U.S.C. § 2244(d)(1)(A), because an application for reopening is deemed a collateral post-conviction remedy in Ohio rather than part of the direct appeal. *See Lopez v. Wilson,* 426 F.3d 339, 351-53 (6th Cir. 2005) (en banc), *cert. denied,* 547 U.S. 1099 (2006); *see also Morgan v. Eads,* 818 N.E.2d 1157 (Ohio 2004)." *See also Waters v. Warden, Noble Corr. Instit.,* No. 1:07cv758, 2008 WL 2876463, at *6 & n.7 (S.D. Ohio July 24, 2008) (Dlott, J.; Hogan, M.J.) (unpublished); *Johnson v. Warden, Chillicothe Corr. Instit.,* No. 1:06cv156, 2007 WL 2206550, at *5 n.5 (S.D. Ohio July 30, 2007) (Barrett, J.; Black, M.J.) (unpublished).

[4] *See also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

[5] *See also Smith v. McGinnis*, 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259.[6]

In *Artuz v. Bennett,* 531 U.S. 4, 8 (2000), the United States Supreme Court held that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. Thereafter, the Sixth Circuit ruled that an Ohio prisoner's post-conviction petition dismissed by the state courts as untimely is not "properly filed" and, therefore, cannot serve to toll the limitations period under § 2244(d)(2). *Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003); *see also Israfil v. Russell*, 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied,* 535 U.S. 1088 (2002). In so holding, the Sixth Circuit emphasized that deference must be accorded to the state courts as "the final authority on state law," and that "federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Vroman,* 346 F.3d at 603; *Israfil,* 276 F.3d at 771.

In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court confirmed that a state post-conviction petition rejected by the state courts on timeliness grounds is not "properly filed" and, therefore, is not subject to statutory tolling under § 2244(d)(2). In that case, the state post-conviction statute had recently been amended, and its application was unclear. *See Walker v. Norris,* 436 F.3d 1026, 1031 (8th Cir. 2006) (citing district court decision in *Pace* published at 151 F.Supp.2d 586, 588 (E.D. Pa. 2001)). The trial court ruled on the merits of the petition, and it was not until petitioner's appeal that the state appellate court interpreted the amended statute to require the dismissal of the petition on timeliness grounds. *Id.* (citing *Pace,* 151 F.Supp.2d at 589-90).

In the federal habeas action which followed, the district court determined that the state petition was properly filed within the meaning of § 2244(d)(2) "because the petitioner complied with the filing requirements as they existed at the time." *Id.* (citing *Pace,* 151 F.Supp.2d at 590-91). However, that determination was reversed on appeal by the Third Circuit; in affirming the Third Circuit's decision, the Supreme Court concluded that "time limits, no matter their form, are

---

[6] *Cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

6

'filing' conditions" which must be met for a state collateral review petition to be deemed "properly filed" under § 2244(d)(2). *Pace,* 544 U.S. at 417.

In so holding, the Supreme Court rejected the argument that "the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." *Id.* at 413. The Court reasoned:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay.

*Id.*

The Supreme Court also was not persuaded by petitioner's argument challenging the fairness of the decision to the extent a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus time-barred in a subsequent federal habeas proceeding. *Id.* at 416. The Court stated that a prisoner seeking state post-conviction relief instead could "avoid this predicament" by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted," and that a petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.*

Finally, the Supreme Court expressly held that as it had intimated in a prior case – *Carey v. Saffold,* 536 U.S. 214, 226 (2002): "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace,* 544 U.S. at 414; *see also Allen v. Siebert,* 128 S.Ct. 2, 4 (2007) (*per curiam*) (holding that state post-conviction petition dismissed by the state court as untimely on non-jurisdictional statute-of-limitations grounds was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2)).

7

In this case, it appears from the record that petitioner attempted to belatedly appeal the denial of his reopening application to the Supreme Court of Ohio on three occasions during the six-month period following the Ohio Court of Appeals' June 13, 2006 decision. However, no such appeal was ever "properly filed" with the state supreme court, which ultimately on December 26, 2006 returned the final set of documents submitted for filing to petitioner because no delayed appeals are allowed under the state supreme court rules of practice in cases involving reopening applications brought pursuant to Ohio R. App. P. 26(B). (*See* Doc. 7, Ex. 14).

Accordingly, in the absence of any "filed" appeal from the denial of petitioner's reopening application and in light of Supreme Court and Sixth Circuit precedents interpreting the phrase "properly filed" as set forth in 28 U.S.C. § 2244(d)(2), the undersigned concludes that the statute of limitations was not tolled under 28 U.S.C. § 2244(d)(2) during the six-month period petitioner attempted to pursue an appeal from the denial of his reopening application on June 13, 2006. Therefore, in the absence of equitable tolling, the statute of limitations ran its course by July 29, 2007.

To the extent that petitioner contends he is entitled to review of his otherwise time-barred petition under equitable tolling principles, the Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to the AEDPA's statute of limitations," *Pace*, 544 U.S. at 418 n.8. However, the Sixth Circuit has held that the statute of limitations is not jurisdictional and that "equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *see also McClendon v. Sherman,* 329 F.3d 490, 492 (6th Cir. 2003).

In *Pace,* the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)). Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the

petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)).

Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. He also has not demonstrated he is entitled to equitable tolling under *Dunlap*.

Petitioner does not argue, nor is there evidence in the record to suggest, that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions. In any event, it was unreasonable for petitioner to remain ignorant of this requirement, which has been in effect since April 1996.

Here, petitioner failed to comply with the requirements for filing a timely appeal to the Supreme Court of Ohio from either the Ohio Court of Appeals' December 14, 2005 direct appeal decision or its final June 13, 2006 decision denying petitioner's application for reopening of the appeal. Although it appears that petitioner did diligently attempt to belatedly appeal the denial of his timely-filed reopening application to the state supreme court, the same cannot be said of petitioner's pursuit of federal habeas relief. Petitioner waited to file his federal habeas petition until nearly two years after the Ohio Court of Appeals rendered the final state court decision on June 13, 2006 denying petitioner's reopening application. Moreover, importantly, petitioner did not file the petition until nearly one and one-half years after the Clerk of the Supreme Court of Ohio refused to file his motion for delayed appeal, because the state supreme court rules of practice expressly prohibit delayed appeals in reopening proceedings brought pursuant to Ohio R. App. P. 26(B). Therefore, equitable tolling under *Dunlap* is inappropriate

in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations ran its course by July 29, 2007. Petitioner has not demonstrated the limitations period is subject to statutory or equitable tolling. Therefore, the instant federal habeas corpus petition, filed nearly ten months too late in May 2008, is time-barred.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 7) be **GRANTED**, and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is barred from review under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A).

2. A certificate of appealability should not issue with respect to the three grounds for relief alleged in the petition (Doc. 1), as well as the additional claim alleged in petitioner's "traverse" brief (Doc. 8), which this Court has concluded are barred from review on procedural statute of limitations grounds, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[7]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken

---

[7] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his claims for relief. *See Slack,* 529 U.S. at 484.

in "good faith," and, therefore, **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  2/18/09                              s/Timothy S. Black
    cbc                                     Timothy S. Black
                                                 United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Charles Griffin,
    Petitioner

vs                                         Case No. 1:08cv351
                                             (Dlott, C.J.; Black, M.J.)

Warden, Lebanon Correctional Institution,
    Respondent

# NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).